UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 1810

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Magistrate Case No: _____ |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATION OF |
| **Ignacio RODRIGUEZ,** | |
| Defendant. | Title 8, U.S.C., Section 1324(a)(2)(B)(iii)- Bringing in Illegal Alien(s) Without Presentation |

The undersigned complainant being duly sworn states:

On or about **June 9, 2008**, within the Southern District of California, defendant, **Ignacio RODRIGUEZ** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, **Gustavo ALDANA-Matias**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien, and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **11TH** DAY OF **JUNE, 2008,** at 9:25 a.m.

_____
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

The complaint states that **Gustavo ALDANA-Matias** is a citizen of a country other than the United States; that said alien has admitted he is deportable; that his testimony is material, that is impracticable to secure his attendance at the trial thereof by subpoena; and is a material witness in relation to this criminal charge and should be held or admitted to bail as prescribed in Title 18, United States Code, Section 3144.

On June 9, 2008, at approximately 6:32 PM, **Ignacio RODRIGUEZ (Defendant)**, applied for admission to the United States at the Otay Mesa Port of Entry driving a blue 1992 Dodge Ram Charger. Defendant presented his lawfully issued DSP-150 to a Customs and Border Protection (CBP) Officer. During an inspection of the vehicle, the CBP Officer noticed that the rear of the vehicle was titled slightly towards the rear. The CBP Officer inspected the undercarriage of the vehicle and noticed a person's shoulder and arm. The vehicle and its occupants were subsequently escorted to secondary for further inspection.

In secondary, CBP Officers attempted to remove the concealed persons from the compartment. CBP Officers attempted to lift the seat up from the front because it wasn't bolted down; however, they were unable to remove it because it was latched to the floor from the back of the seat. CBP Officers had to unlatch the back of the seat to finally remove the bench seat from the vehicle. When the compartment was opened two persons were removed from the concealed location. One of the concealed persons was determined to be a citizen of Mexico without legal documents to enter the United States and is now identified as **Gustavo ALDANA-Matias (Material Witness)**.

During a videotaped interview, Defendant was advised of his Miranda rights. Defendant acknowledged his rights and elected to answer questions without an attorney present. Defendant admitted knowledge that the vehicle he was driving contained people hidden under the seat. Defendant admitted that he was going to be paid $500 U.S. dollars per person for a total of $1000 U.S. dollars for smuggling the two undocumented aliens into the United States. Defendant admitted that he was going to drop off the aliens at the Walmart off Palomar Avenue. Defendant admitted that he is aware that smuggling undocumented aliens into the United States is against the law.

A videotaped interview was conducted with Material Witness. Material Witness stated that he is a citizen of Mexico with no documents to lawfully enter the United States. Material Witness stated that he made his own smuggling arrangements while at Hotel Ocampo in Tijuana, Mexico. Material Witness admitted that he was to pay $5000 U.S. dollars as a smuggling fee upon successfully arriving to Los Angeles, California.